IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENRIQUE DIAZ, K70268,       )<br>                                         )<br>         Petitioner,            )<br>                                         )<br>   vs.                                )<br>                                         )<br> R. T. C. GROUNDS, Warden,  )<br>                                         )<br>         Respondent.          )<br>_____ ) | No. C 14-1016 CRB (PR)<br><br>ORDER TO SHOW CAUSE<br><br>(Dkt. #3) |

Petitioner, a state prisoner at Salinas Valley State Prison (SVSP), has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a prison disciplinary finding that resulted in the loss of 30 days of time credit. Petitioner also seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915.

**DISCUSSION**

A.   Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

B. <u>Claims</u>

Petitioner seeks federal habeas corpus relief on the ground that the disciplinary finding of fermentation or distillation of materials in a manner consistent with the production of alcohol, and subsequent assessment of 30 days time credits, does not comport with due process. Among other things, petitioner claims that he was denied the right to call witnesses and to introduce evidence at the disciplinary hearing, and that the disciplinary finding is not supported by the evidence. Liberally construed, petitioner's due process claim appears cognizable under § 2254 and merits an answer from respondent. See <u>Zichko v. Idaho</u>, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. Petitioner's request to proceed in forma pauperis (dkt. #3) is GRANTED.

2. The clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

3. Respondent shall file with the court and serve on petitioner, within 60 days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

1    If petitioner wishes to respond to the answer, he shall do so by filing a
traverse with the court and serving it on respondent within 30 days of his receipt
of the answer.

4.   Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within 28 days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within 14 days of receipt of any opposition.

5.   Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel.  Petitioner must also keep the court and all parties informed of any change of address.

SO ORDERED.

DATED: June 2, 2014

                                      CHARLES R. BREYER
                                      United States District Judge