**FILED**

JAN 22 2015

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENRIQUE DIAZ, K70268,<br><br>          Petitioner,<br><br>vs.<br><br>R. T. C. GROUNDS, Warden,<br><br>          Respondent. | No. C 14-1016 CRB (PR)<br><br>ORDER GRANTING MOTION TO DISMISS<br><br>(Dkt. # 6) |

I.

Petitioner, a state prisoner at Salinas Valley State Prison, filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 seeking to invalidate a prison disciplinary finding of fermentation or distillation of materials in a manner consistent with the production of alcohol that resulted in the loss of 30 days of time credit. Petitioner claims that the disciplinary finding does not comport with due process because he was denied the right to call witnesses and to introduce evidence at the disciplinary hearing, and because the disciplinary finding is not supported by the evidence.

Per order filed on June 2, 2014, the court found that, liberally construed, petitioner's due process claim appears cognizable under § 2254 and ordered respondent to show cause why a writ of habeas corpus should not be granted. Respondent instead moves to dismiss the petition on the grounds that it fails to raise a federally cognizable habeas claim and that it is untimely. Petitioner has filed an opposition and respondent has filed a reply.

II.

Petitioner is in the custody of the California Department of Corrections and Rehabilitation (CDCR) serving a sentence of life in prison without the possibility of parole. Pet. Ex. C at 2.

On December 5, 2011, a prison disciplinary panel found petitioner guilty of possessing inmate-manufactured alcohol and assessed him 120 days of time credit. Id. Ex. B. Petitioner administratively appealed the disciplinary finding and prison officials modified it to guilty of fermenting materials in a manner consistent with producing alcohol and assessed him 30 days of time credit. Id. Ex. D.

Petitioner unsuccessfully further challenged the disciplinary finding through the CDCR's administrative grievance process and the California state courts until the Supreme Court of California denied his final state habeas petition on February 11, 2014. He argued in state court, as he does here, that the disciplinary finding does not comport with due process because he was denied an opportunity to present an adequate defense at the disciplinary hearing and because the disciplinary finding is not supported by the evidence.

III.

It is well established that federal habeas relief is only available for the prisoner who seeks "'immediate or speedier release'" from confinement. Skinner v. Switzer, 131 S. Ct. 1289, 1293 (2011) (quoting Wilkinson v. Dotson, 544 U.S. 74, 82 (2005)). "Where the prisoner's claim would not 'necessarily spell speedier release,' however, suit may be brought under [42 U.S.C.] § 1983.'" Id. Or, as the Ninth Circuit put it, "habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003).

Accordingly, a prisoner may challenge in habeas a disciplinary proceeding that resulted in the loss of time credits if the restoration of said time credits will necessarily shorten the prisoner's sentence. See id. at 858-59; Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir. 1997). And he also may seek "expungement of a disciplinary finding from his record" on habeas if the "expungement is likely to accelerate the prisoner's eligibility for parole." Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989). But here, respondent correctly points out that petitioner's sentence of life without the possibility of parole means that restoration of the 30 days of time credits he was assessed will not shorten his sentence, and that expungement of the disciplinary finding from his record will not accelerate his eligibility for parole. Petitioner's due process claim must be brought in a § 1983 action, if at all. See Skinner, 131 S. Ct. at 1293.

## IV.

For the foregoing reasons, respondent's motion to dismiss (dkt. #6) is GRANTED. Petitioner fails to raise a claim cognizable on federal habeas, but may be able raise a claim cognizable in a § 1983 action.[1]

The clerk shall enter judgment in accordance with this order and close the file.

SO ORDERED.

DATED: Jan. 21, 2015

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\HC.14\Diaz, E.14-1016.mtd.wpd

---

[1] The court need not decide whether the petition also is untimely.

3